**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 2, 2023

**BY ECF**
Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   *United States v. Demba Diakite*
              No. 20 Cr. 473 (VM)

Dear Judge Marrero:

      The Government respectfully submits this letter in advance of the February 10, 2023 sentencing of defendant Demba Diakite. For the reasons set forth below, the Government respectfully submits that a sentence within the Stipulated Guidelines Range of 27 to 33 months' imprisonment would be sufficient but not greater than necessary to serve the purposes of sentencing.

## I. BACKGROUND

      From at least April 2019 through July 2019, the defendant engaged in a bank fraud conspiracy. The defendant and his co-conspirators deposited false or fraudulent checks into the bank accounts of third parties. The bank then extended credit to the accountholder or, in some cases, failed to recognize that the check was fraudulent. Before the bank realized its error and returned the check, the defendant and his co-conspirators withdrew the funds, often by purchasing postal money orders or by making ATM withdrawals.

      On five occasions, one of the defendant's co-conspirators deposited at least one fraudulent check into the bank account of a third party. From these accounts, the defendant and his co-defendants obtained funds. (PSR ¶¶ 63-64). For instance, on or about May 6, 2019, Mamadou Diallo, a co-defendant, deposited a false check for approximately $23,497 into the bank account of a third party in Manhattan. (PSR ¶ 58). Nearly $10,000 of those funds were withdrawn as postal money orders, including in names of both Diallo and the defendant. In addition, for instance, on June 3, 2019, Mamady Danfakha, a co-defendant, deposited a check for approximately $13,567 into the bank account of a third party. (PSR ¶ 55). Approximately $13,523 of that money was withdrawn as postal money orders, including $10,000 in the defendant's name.

      Although the Government has not identified any fraudulent checks deposited by the defendant himself, the Government has identified fraudulent checks deposited into accounts that later benefited the defendants, but for which surveillance records do not show who deposited the

check. (PSR ¶¶ 33-41). For instance, on May 6, 2019, someone deposited a fraudulent check for $12,000 into a bank account for a third party, funds of which went to the defendant and a co-defendant, but the Government has no evidence of the identity of the person who deposited the check. (PSR ¶ 37). This description also does not capture the full scope of the conspiracy: other defendants in this case deposited fraudulent checks or received funds from similar activity not including the defendant's personal involvement.

On September 10, 2020, the defendant was indicted by a grand jury sitting in this district on charges of bank fraud, conspiracy to commit bank fraud, and aggravated identity theft. (PSR ¶¶ 1-4). *See* 18 U.S.C. §§ 1344, 1349, 1028A. The defendant has been released during the pendency of this case.

On May 25, 2022, the defendant pleaded guilty pursuant to a plea agreement to Count One of the Indictment, charging the defendant with conspiracy to commit bank fraud, in violation of 18 U.S.C. §1349. That plea occurred before the Honorable Robert W. Lehrburger, and on May 26, 2022, this Court accepted the plea. (Dkt. No. 173).

According to the plea agreement, the defendant's base offense level is 7, pursuant to U.S.S.G. § 2B1.1(a)(1). The intended loss is calculated as the sum of fraudulent checks deposited into the accounts with which the defendant also interacted, or approximately $335,990.85. (PSR ¶ 76). Accordingly, because the intended loss amount is greater than $250,000 but less than $550,000, the offense level is increased by 12 levels pursuant to U.S.S.G. § 2B1.1(b)(1)(G).[1] After deducting 3 points for acceptance of responsibility, the offense level is 16. Because the defendant has four criminal history points, he is in Criminal History Category III, with a Stipulated Guidelines Range of 27 to 33 months' imprisonment. The Probation Office concurs in these calculations. (PSR ¶¶ 86-96, 102, 139).

## II. DISCUSSION

### A. Applicable Law

The Sentencing Guidelines provide strong guidance to sentencing courts after *United States v. Booker*, 543 U.S. 220 (2005). Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall v. United States*, 552 U.S. 38, 46 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id.* at 49.

After making that calculation, the Court must consider the factors outlined in 18 U.S.C. § 3553(a), which provides that a sentencing "court shall impose a sentence sufficient, but not

---

[1] The plea agreement also calculates restitution in the amount of $89,338.65, reflecting the actual loss to the bank for those same accounts. (PSR ¶ 19(c)(iv)). Finally, it calculates forfeiture in the amount of $17,600, reflecting the amount of money that the Government has traced directly to the defendant. (PSR ¶ 19(c)(iii)).

greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," and sets forth seven specific considerations:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established [in the Guidelines];
>
> (5) any pertinent policy statement [issued by the Sentencing Commission];
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The Second Circuit has recognized that "[i]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States* v. *Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006); *see also Kimbrough* v. *United States*, 552 U.S. 85, 108–09 (2007) ("We have accordingly recognized that, in the ordinary case, the Commission's recommendation of a sentencing range will reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." (quotations omitted)).

### B. The Court Should Impose a Sentence Within the Stipulated Guidelines Range

In this case, the nature and circumstances of the defendant's offense, his criminal history, and the need to promote respect for the law, to provide just punishment, and to deter future criminal conduct all weigh in favor of a sentence within the Guidelines Range of 27 to 33 months' imprisonment. Such a sentence would be sufficient, but not greater than necessary, to serve the purposes of sentencing.

A Guidelines sentence is appropriate to reflect the seriousness of the defendant's conduct, to provide just punishment, and to promote respect for the law. The bank fraud statute proscribes

conduct that "implicates social consequences far more serious than those generally surrounding individual disputes," and therefore "criminalizes not just actual injuries done to particular persons, but a 'scheme or artifice' intended to defraud that offends public values as well." *United States v. Falkowitz*, 214 F. Supp. 2d 365, 380 (S.D.N.Y. 2002) (describing the analogous wire fraud statute); *see United States v. Teman*, No. 19-CR-696, 2019 WL 7041646, at *7 (S.D.N.Y. Dec. 20, 2019) ("Bank fraud is undeniably a serious offense."). The criminal conduct within the ambit of the bank fraud statute captures attempts to steal money by exploitation of public trust.

The defendant did just that. He took advantage of the financial system to deposit fraudulent checks and withdraw money. Had banks not been on guard for individuals like the defendant, the actual loss would have been closer to the intended loss.

A Guidelines sentence is necessary to protect the public and deter future criminal conduct. Regarding general deterrence, the defendant's criminal activities did not require an especially intricate scheme. The tools to commit these offenses are widely available, and it is therefore important that others see a clear and direct connection between commission of those offenses and criminal punishment. Regarding specific deterrence, the defendant has two prior convictions for identity theft and fraud (PSR ¶¶ 98-99), and he committed the instant offense while on probation (PSR ¶ 101). There is significant need to make clear to the defendant that resuming this sort of fraud upon release is unacceptable.

Finally, a Guidelines sentence is commensurate with the sentences received by other defendants in this case. The Court imposed a sentence of six months' incarceration and six months' community confinement on defendant Mohammed Sabaly, but Sabaly was in Criminal History Category I, was not convicted of a conspiracy offense, and had a lower loss amount. (PSR ¶ 26, 74). The other two defendants in this case convicted of felonies have generally received sentences at or just below the bottom of the Guidelines. (PSR ¶¶ 23-24).[2]

---

[2] The Government agreed to dismiss the indictment as against one defendant who completed the Court's Young Adult Offender Program. (PSR ¶ 28). The Government also agreed to a misdemeanor disposition for one defendant, but that defendant has not yet been sentenced. (PSR ¶ 21).

### III. CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence within the Stipulated Guidelines Range of 27 to 33 months' imprisonment.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____/s/_____
Andrew A. Rohrbach
Assistant United States Attorney
(212) 637-2345

CC: Lee Koch, Esq. (by ECF)